■ KEVIN GILLOOLY, Appellant, v COUNTY OF ONONDAGA, Respondent.—Order unanimously reversed on the law with costs, motion denied, complaint reinstated and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Plaintiff sustained personal injuries when the vehicle he was driving left the road just before a bridge over Skaneateles Creek and careened down an embankment, landing in the creek. Plaintiff commenced this action against the county, alleging both improper design and improper maintenance of the bridge on the ground that the approach to the bridge had no guiderails. Plaintiff's cause of action for improper design was dismissed on Statute of Limitations grounds and the action proceeded to trial on the theory of negligent maintenance only.

At trial, the county took the position that the only way plaintiff could prove that the county had notice of a defective

condition was with proof of prior similar accidents. Plaintiff argued that proof of prior similar accidents was only one means of proving notice. The court, after being informed by plaintiff's counsel that plaintiff could not offer proof of prior similar accidents, dismissed plaintiff's action with prejudice. We reverse and reinstate plaintiff's claim.

A municipality owes a continuing duty to maintain its highways in a reasonably safe condition (see, *Friedman v State of New York,* 67 NY2d 271, 283; *Blake v City of Albany,* 48 NY2d 875; *Sniper v City of Syracuse,* 139 AD2d 93, 96), and this encompasses a duty to provide safe guiderails (see, *Kirisits v State of New York,* 107 AD2d 156, 158). For a municipality to be cast in damages for negligent maintenance of a roadway, plaintiff must demonstrate that the municipality had actual or constructive notice of the existence of a defective condition (see, *Blake v City of Albany, supra; Sniper v City of Syracuse, supra; Barrett v City of Buffalo,* 96 AD2d 709). Proof of prior similar accidents is one method by which a plaintiff may prove that a dangerous condition existed and that the municipality had notice of it (see, *Vega v Jacobs,* 84 AD2d 813). There are, however, other methods of proof which may be available (see, *Noskewicz v City of New York,* 155 AD2d 646; *Kelly v Town of Islip,* 141 AD2d 611, 612, *lv dismissed and denied* 73 NY2d 865). Plaintiff might prove through admissions of county employees that the county had actual notice of a defective condition and its decision not to install guiderails lacked a reasonable basis (see, *Friedman v State of New York, supra,* at 284; *Alexander v Eldred,* 63 NY2d 460, 466). Alternatively, plaintiff might prove constructive notice by offering proof that the defect is so obvious and existed for so long that a municipality, charged with the duty to maintain its highway in good condition, should have discovered and corrected it (see, *Blake v City of Albany, supra).* By limiting plaintiff to proof of prior similar accidents, the court improperly restricted plaintiff's ability to prove his case. (Appeal from order of Supreme Court, Onondaga County, Miller, J.—negligence.) Present— Dillon, P. J., Doerr, Green, Pine and Davis, JJ.