■ GEORGES EDOUARD et al., Respondents, v ERNEST H. BONNER et al., Appellants. [638 NYS2d 688] —In an action, *inter alia,* to recover damages for personal injuries, the defendants separately appeal from a judgment of the Supreme Court, Kings County (Garry, J.), entered March 29, 1994, which, after a jury trial on the issue of liability finding the defendant Ernest H. Bonner 70% at fault in the happening of the accident and the defendant City of New York 30% at fault in the happening of the accident, and upon a jury verdict on the issue of damages, is (1) in favor of the plaintiff Georges Edouard in the principal sum of $1,250,012.80 ($384,922 for past economic loss

and $865,090.80 for future economic loss), (2) in favor of the plaintiff Marie Nicole Cayo in the principal sum of $75,000, and (3) in favor of the plaintiff Jocelyn Dimanche in the principal sum of $968,767.10 ($131,144 for loss of earnings [reduced to $118,767.10 for no-fault payments received], $500,000 for past pain and suffering, and $350,000 for future pain and suffering) and against the defendants.

Ordered that the judgment is modified (1), on the law, by adding thereto a decretal paragraph dismissing the complaint insofar as asserted against the City of New York and by deleting from the first, second, third, fourth, and fifth decretal paragraphs thereof all references to the City of New York and (2), on the facts and as a matter of discretion, by deleting from the fourth decretal paragraph thereof the awards to the plaintiff Jocelyn Dimanche for past and future pain and suffering and substituting therefor a provision severing her causes of action to recover damages for past and future pain and suffering and granting a new trial with respect thereto; as so modified the judgment is affirmed, with one bill of costs to the appellants, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff Jocelyn Dimanche shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict in her favor as to damages for past and future pain and suffering from the sum of $850,000 to the sum of $700,000 ($400,000 for damages for past pain and suffering and $300,000 for damages for future pain and suffering), and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff Jocelyn Dimanche so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed, with one bill of costs to the defendant City of New York payable by the plaintiffs, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment accordingly.

In the early morning hours of December 25, 1984, Jackson Christian was driving his car westbound on the Belt Parkway with Myrtho Edouard, Jocelyn Dimanche, and Marie Nicole Cayo as passengers, when it suddenly collided with the vehicle of the defendant Ernest H. Bonner. Bonner, who had been drinking alcohol, was traveling on the eastbound side of the parkway when his car swerved out of control toward the median barrier and vaulted over the guardrail. The collision killed Edouard and caused injuries to Dimanche, Cayo, and Christian.

The plaintiffs subsequently commenced this action against

both Bonner and the City of New York (hereinafter the City), as owner of the parkway. The plaintiffs alleged, *inter alia*, that the accident was caused by the absence of a concrete median barrier which would have prevented Bonner's vehicle from vaulting over the guardrail into the oncoming lane of traffic. Following a jury trial on the issue of liability, the City moved for judgment as a matter of law arguing that it was not at fault based on evidence that the project to install concrete barriers was not carried out because of budget limitations. The court denied the City's motion. We disagree.

The Supreme Court erred by not dismissing the action against the City. While the City had a duty to redesign and reconstruct the parkway in the immediate vicinity of the accident site by installing concrete median barriers, the delay in doing so was not unreasonable in light of the scope of the reconstruction project and the availability of funding and priorities (*see, Friedman v State of New York,* 67 NY2d 271; *see also, Sam & Mary Hous. Corp. v Jo/ Sal Mkt. Corp.,* 100 AD2d 901).

In 1981, the City learned of the danger from crossover accidents and contacted the New York State Department of Transportation (hereinafter the DOT) who administers reconstruction programs on State arterial highways. The City expressed safety concerns about crossover accidents on the Belt Parkway and noted that the danger might be resolved by installing concrete median barriers in lieu of the existing guardrails. The DOT, however, responded that, while they agreed with the recommendation, financing was not immediately available to implement the plan. The DOT explained that it was allocating existing funds for similar projects on the Long Island Expressway and the FDR Drive. Nevertheless, the State proposed an interim project that would involve upgrading the existing median barriers.

During the Spring of 1983, the State obtained additional financing and proposed a change in the scope of the project. The upgraded project included, *inter alia*, installation of concrete barriers rather than the previously proposed upgrade of steel guardrails. The estimated cost for the improvement project, which included the Queens portion of the Belt Parkway, was approximately $27,000,000.

In light of the determination of how limited funds should be allocated to safety improvement projects, the City produced sufficient evidence to establish that it made a legitimate ordering of priorities based on available funding. The Supreme Court, therefore, erred by not granting judgment as a matter

of law to the City (*see, Friedman v State of New York, supra,* at 287; *Trautman v State of New York,* 179 AD2d 635).

We find that the damages for past and future pain and suffering awarded to the plaintiff Jocelyn Dimanche were excessive to the degree indicated in that they materially deviate from what would be reasonable compensation under the facts and circumstances of this case (*see,* CPLR 5501 [c]).

We have reviewed the defendants' remaining claims and find they are without merit. Balletta, J. P., Ritter, Altman and Hart, JJ., concur.