■ MARSHA SIDERIS, Respondent, v SIMON A. RENTED SERVICES INCORPORATED, Defendant, and DUMONT RENTAL SERVICES, INC., Appellant. (And a Third-Party Action.) [678 NYS2d 771] —In an action to recover damages for personal injuries, the defendant Dumont Rental Services, Inc., appeals from so much of an order of the Supreme Court, Kings County (Held, J.), dated August 26, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Dumont Rental Services, Inc., and the action against the remaining defendant is severed.

The plaintiff allegedly was injured when she slipped and fell on a floor mat at the restaurant where she was employed. She subsequently commenced this action against the appellant, the company which rented the mat to the restaurant, and another defendant, alleging negligence and, purportedly, breach of implied warranty and strict products liability.

The Supreme Court erred in denying the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. The appellant established its entitlement to judgment as a matter of law and the plaintiff failed to proffer sufficient proof to demonstrate the existence of a material issue of fact. In opposition to the motion, the plaintiff did not come forward with any direct evidence that the mat was defective, but rather, contended that the existence of a defect could be inferred from the fact that the mat slipped and therefore did not function as intended.

If a plaintiff proves that a product has not performed as intended and eliminates all causes of the accident not attributable to the defendant, a fact-finder may infer that the product was defective (see, Halloran v Virginia Chems., 41 NY2d 386, 388). However, "if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect" (Winckel v Atlantic Rentals & Sales, 159 AD2d 124, 127). Under the circumstances of this case, the existence of a defect cannot be inferred since there is some evidence that the accident was not caused by a defect attributable to the appellant (see, Sheldon v Hample Equip. Co., 89 AD2d 766, affd 59 NY2d 618; Schafer v General Motors Corp., 73 AD2d 600).

In addition, the appellant demonstrated that it had satisfied its duty to inspect (see, Naples v City of New York, 34 AD2d 577) by inspecting all mats both before and upon delivery. The plaintiff failed to submit any evidence that the appellant did not conduct a reasonable inspection or any evidence that the appellant otherwise had actual or constructive notice of an alleged defect or that it created any alleged defective condition (see, Maschio v Builders Transp., 201 AD2d 627). Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.