■ WAYNE BOYD et al., Respondents, v HERBERT TRENT et al., Respondents, and TOWN OF RIVERHEAD, Appellant. (Action No. 1.) HEBERT TRENT et al., Respondents, v TOWN OF RIVERHEAD, Appellant, and WAYNE E. BOYD et al., Respondents. (Action No. 2.) [690 NYS2d 732] —In two related actions to recover damages for personal injuries, etc., the Town of Riverhead, a defendant in both actions, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated May 22, 1998, as denied its motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Town of Riverhead contends that the Supreme Court erred in denying its motion for summary judgment because the absence of warning and speed reduction signs at the approach to the curve where the collision occurred was not a proximate cause of the accident. However, it is well settled that the absence of a warning sign cannot be excluded as a proximate cause of an accident unless the driver's awareness of the road condition would have led to the same course of conduct as had the sign been present (*see, Koester v State of New York,* 90 AD2d 357; *Miller v Town of Fenton,* 247 AD2d 740). Contrary to the Town's contention, under the circumstances of this case, it cannot be said, as a matter of law, that the defendant Paulette A. Trent's actions would have been the same had a speed reduction sign been present at the approach to the curve. Accordingly, there is an issue of fact as to whether the absence of a speed advisory sign was a proximate cause of the accident.

Furthermore, the Town failed to sustain its initial burden of establishing that it is entitled to summary judgment based on the doctrine of qualified immunity because it submitted no evidence that its decision to refrain from placing a speed reduction sign at the approach to the curve "was the product of a deliberative decision-making process of the type afforded immunity from judicial interference" (*Appelbaum v County of Sullivan,* 222 AD2d 987, 989; *see also, Merchant v Town of Halfmoon,* 194 AD2d 1031). In addition, the conflicting expert affidavits submitted by the parties reveal an issue of fact as to whether the Town breached its duty to maintain the subject road in a reasonably safe condition by failing to post a speed reduction sign as allegedly required by the State of New York Department of Transportation Manual of Uniform Traffic Control Devices § 230 *et seq. (see, Appelbaum v County of Sullivan, supra).* Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.