■ STEVEN D. CANGEMI et al., Respondents, v JENNIFER G. PICKARD, Respondent, and THOMAS B. MAFRICI et al., Appellants. [705 NYS2d 148] —Appeal taken by defendants Thomas B. Mafrici and Tom's Clam Cove, Inc. unanimously dismissed upon stipulation and order insofar as appealed from reversed on the law without costs, motion granted and amended complaint against defendant City of Syracuse dismissed. Memorandum: This action arises out of a collision at the intersection of Salina and James Streets in defendant City of Syracuse (City) between a vehicle operated by defendant Jennifer G. Pickard and a vehicle operated by defendant Thomas B. Mafrici and owned by defendant Tom's Clam Cove, Inc. (Tom's).

Pickard made a left turn in front of the oncoming Mafrici vehicle at an intersection. As a result of the collision, the Pickard vehicle spun out of control and struck plaintiff Monica Lozepone Cangemi, a pedestrian who was crossing James Street, rendering her a paraplegic. Plaintiff and her husband commenced this action against Pickard and Mafrici for negligent operation of their respective vehicles, against Tom's based upon its ownership of the vehicle operated by Mafrici and against the City for negligent design, construction and engineering of the subject intersection.

Supreme Court erred in denying the motion of the City for summary judgment dismissing the amended complaint against it. Although a municipality owes an absolute duty to keep its highways in a reasonably safe condition (*see, Friedman v State of New York*, 67 NY2d 271, 283; *Weiss v Fote*, 7 NY2d 579, 584, *rearg denied* 8 NY2d 934), it is afforded a qualified immunity from liability arising out of highway planning decisions (*see, Friedman v State of New York, supra*, at 283; *Alexander v Eldred*, 63 NY2d 460, 465-466). A municipality may not be held liable "absent some indication that due care was not exercised in the preparation of the design or that no reasonable official could have adopted it" (*Weiss v Fote, supra*, at 586). The City met its initial burden on the motion and plaintiffs failed to raise an issue of fact whether the layout of the intersection "was evolved without adequate study or lacked reasonable basis" (*Weiss v Fote, supra*, at 589). "[S]omething more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* at 588). In light of our determination, it is unnecessary to reach the City's remaining contentions. (Appeals from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present— Pine, J. P., Hurlbutt, Scudder and Lawton, JJ.