■ PAUL A. PALLONI et al., Respondents, v TOWN OF ATTICA et al., Appellants. [723 NYS2d 582] —Order insofar as appealed from unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Plaintiffs commenced this action to recover for injuries sustained by Paul A. Palloni (plaintiff) in an all-terrain vehicle (ATV) accident. Plaintiff was driving the ATV along a seasonal dirt and gravel road owned by defendant Town of Attica (Town) when the ATV went into a skid and struck the truss of a bridge owned by defendant County of Wyoming (County). The ATV was launched up and over the truss, and plaintiff was thrown to the creek bed below.

Supreme Court erred in failing to grant in their entirety defendants' motions for summary judgment dismissing the complaint. Municipalities have a duty to maintain their roads and bridges in a reasonably safe condition for "people who obey the rules of the road" and must guard against contemplated and foreseeable risks (Tomassi v Town of Union, 46 NY2d 91, 97). Here, plaintiff's travel by ATV was specifically prohibited by statute and hence was neither a contemplated nor reasonably foreseeable use of the highway (see, Hart v Town of Brookhaven, 261 App Div 923; Knapp v New York Tel. Co., 161 Misc 2d 878, 881; cf., White v Town of Ausable, 161 AD2d 1060, 1062-1063). Defendants sustained their burden of demonstrating that they discharged their respective duties by maintaining the road and bridge, about which there had been no prior complaints, in a reasonably safe condition for people obeying the rules of the road (see, Tomassi v Town of Union, supra, at 97; Ciasullo v Town of Greenville, 275 AD2d 338; Shevalier v Bentley, 268 AD2d 622, 623-624). Plaintiffs failed to sustain their burden of raising a triable question of fact on the issue

whether the road and bridge were reasonably safe for their lawful, intended and foreseeable use (*see, Shevalier v Bentley, supra,* at 623-624).

In any event, it is well established that municipalities may not be held liable for their discretionary judgments in the area of highway planning, design or safety absent proof that the plan evolved without adequate study or lacked a reasonable basis (*see, Friedman v State of New York,* 67 NY2d 271, 283-284; *Weiss v Fote,* 7 NY2d 579, 585-586, *rearg denied* 8 NY2d 934). The allocation of finite budgetary resources according to fiscal realities provides a rational basis for a municipality's discretionary judgment with respect to highway safety (*see, Edouard v Bonner,* 224 AD2d 575, 577, *lv denied* 88 NY2d 811; *Trautman v State of New York,* 179 AD2d 635, 636, *lv denied* 79 NY2d 758; *Van De Bogart v State of New York,* 133 AD2d 974; *Puliatti v State of New York,* 91 AD2d 1192, *lv denied* 59 NY2d 603). Here, the municipalities sustained their burden of demonstrating that they undertook an adequate study and reached a reasoned determination (*see, Affleck v Buckley,* 276 AD2d 507; *Cangemi v Pickard,* 270 AD2d 802, 803, *lv denied* 95 NY2d 767; *Schuster v McDonald,* 263 AD2d 473, 474). The County demonstrated that it considered putting guardrails on the bridge and its approaches but determined not to do so because such guardrails would drastically reduce the width of the bridge, the road was used sporadically, there was no history of accidents at the site, and the County perceived no real risk typical to users of the road, whom it reasonably expected to be familiar with the road and to recognize the need to proceed slowly and cautiously. Similarly, the Town demonstrated that it made a reasoned determination to designate the road as a seasonal road and to commit to limited improvements and maintenance because of the road's low priority and the Town's responsibility to maintain more heavily traveled roads. Plaintiffs failed to raise a triable question of fact concerning the reasonableness of those planning decisions or the adequacy of those studies (*see, Affleck v Buckley, supra; Schuster v McDonald, supra,* at 474-475; *Urbaniak v Town of Clay,* 237 AD2d 875, 876, *lv denied* 90 NY2d 804). "[S]omething more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote, supra,* at 588). (Appeals from Order of Supreme Court, Wyoming County, Rath, Jr., J.—Summary Judgment.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.