■ LJILJANA VUCIC, Also Known as LILLIAN VUCIC, Respondent, v SEGUNDO RODRIGUEZ, Appellant, et al., Defendants. [767 NYS2d 835]—

In an action to recover damages for personal injuries, the defendant Segundo Rodriguez appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated September 30, 2002, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The appellant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350-351 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *Rainey v Smith,* 300 AD2d 383 [2002]; *Grant v Heli Trucker,* 294 AD2d 538 [2002]). The affirmation of the plaintiff's treating physician submitted in opposition to the motion quantified initial and final limitations of motion to the plaintiff's cervical and lumbar spine. The physician's opinion was supported by, inter alia, evidence of disc bulges at C3-4 and C4-5. While the plaintiff's physician improperly relied upon an unsworn magnetic resonance imaging (hereinafter MRI) report prepared by the plaintiff's radiologist, a sworn MRI report revealing disc bulges in the plaintiff's cervical spine was initially submitted by the appellant and was properly before the court (*see Khalil v Morris,* 304 AD2d 530, 531 [2003]; *Raso v Statewide Auto Auction,* 262 AD2d 387 [1999]). The physician described the nature of the treatment and concluded that the plaintiff's injuries were traumatically caused by the subject motor vehicle accident. This evidence was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a permanent consequential limitation of motion to her spine (*see Balanta v Stanlaine Taxi Corp.,* 307 AD2d 1017 [2003]; *Lefkowitz v Salas,* 266 AD2d 356 [1999]; *McVey v Collins,* 262 AD2d 462 [1999]). Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.