■ CELESTE PRENDERGAST et al., Respondents, v PHILOMENA M. COSCO, Respondent, and VILLAGE OF WHITESBORO, Appellant. [771 NYS2d 470]—

Appeal from an order of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered August 8, 2002. The order denied the motion of defendant Village of Whitesboro for summary judgment dismissing the complaint and cross claims against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Celeste Prendergast (plaintiff) in a motor vehicle accident with defendant Philomena M. Cosco. Supreme Court properly denied the motion of defendant Village of Whitesboro (Village) seeking to dismiss the complaint and cross claims against it. Although a municipality is afforded qualified immunity from liability arising out of its decisions with respect to highway planning, it may be held liable when it "is made aware of a dangerous highway condition and does not take action to remedy it" (*Friedman v State of New York*, 67 NY2d 271, 286 [1986]; *see Ernest v Red Creek Cent. School Dist.*, 93 NY2d 664, 672-673 [1999], *rearg denied* 93 NY2d 1042 [1999]). Here, plaintiff was driving out of a shopping center onto Clinton Street in the Village when her vehicle collided with a vehicle driven by Cosco. The driveway from which plaintiff exited was constructed in 1995 and was intended to be used only as a right-turn entrance from Clinton Street into the shopping center parking lot, and thus it was constructed on an angle. There were no signs either on Clinton Street or in the shopping center parking lot indicating that the driveway was to be used only as a right-turn entrance into the parking lot, and the Village presented no evidence that it conducted a study at the time the driveway was configured in 1995 to determine whether signs were required (*cf. Cangemi v Pickard*, 270 AD2d 802, 803 [2000], *lv denied* 95 NY2d 767 [2000]). Indeed, evidence submitted by the Village in support of its motion establishes that the Village Board was advised by the Planning Board as early as 1995 that motor vehicle operators were using the driveway to exit onto Clinton Street and that the manager of the shopping center was concerned about the hazard created by the lack of signs advising motorists that the driveway was not to be used as an exit onto Clinton Street. The Village failed to address the issue whether signs should be installed until January 1999, when the Planning Board reported to the Village Board that it approved

recommendations of the Police Department concerning the need for traffic control signs at the shopping center. The accident occurred in April 1999, before any corrective action was taken. Thus, we conclude that the Village failed to meet its burden of establishing that it is entitled to immunity from liability as a matter of law (*see Ernest,* 93 NY2d at 672-673).

We reject the further contention of the Village that the faded pavement markings on Clinton Street are subject to the written notice requirement of Village Law § 6-628. Markings are included in the definition of traffic control devices contained in 17 NYCRR 200.1, and thus we conclude that those markings are not "actual physical defects in the surface of a street" to render them subject to the written notice requirement (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366 [1966]; *see also Unger v Village of Fayetteville,* 175 AD2d 606, 607 [1991]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.