TAMARA CLARK, Appellant, v KENNETH F. PERRY, Respondent. [801 NYS2d 641]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 31, 2004 in a personal injury action. The order, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained when her stopped vehicle was rear-ended by a vehicle driven by defendant. We agree with plaintiff that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint to the extent that the complaint, as amplified by the

bill of particulars, alleges that plaintiff sustained a serious injury within the meaning of two categories of Insurance Law § 5102 (d), i.e., a permanent consequential limitation of use and a significant limitation of use. We therefore modify the order accordingly.

Defendant met his initial burden with respect to the two categories of serious injury at issue by submitting, inter alia, the report of defendant's examining physician, who stated therein that plaintiff sustained only a mild injury that was healing and that no bulging discs appeared in the diagnostic images of plaintiff's spine (*see Constantine v Serafin*, 16 AD3d 1145 [2005]; *McCreesh v Hoehn*, 307 AD2d 638 [2003]). We conclude, however, that plaintiff raised triable issues of fact with respect to the two categories of serious injury at issue by submitting the affidavit of her treating physician. Her treating physician stated therein that the diagnostic images showed bulging discs in plaintiff's spine, and he further stated that plaintiff had a 50% decrease in her range of motion in two areas of her spine and that those injuries were permanent (*see Vitez v Shelton*, 6 AD3d 1180, 1181-1182 [2004]; *Vucic v Rodriguez*, 2 AD3d 437, 438 [2003]; *Parkhill v Cleary*, 305 AD2d 1088, 1089 [2003]).

We note that plaintiff does not contend in her brief on appeal that the court erred in denying her cross motion for partial summary judgment on liability and thus is deemed to have abandoned her appeal with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.