JAMES MOORE, Appellant, v JOHN GAWEL, Respondent. [830 NYS2d 417]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 5, 2006 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained when the vehicle in which he was a passenger collided with a vehicle owned and operated by defendant. Plaintiff appeals from an order granting defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We reject the contention of plaintiff that Supreme Court erred in granting the motion insofar as the complaint, as amplified by the bill of particulars, alleges that he sustained a serious injury under the 90/180 category. Defendant met his initial burden with respect to that category by submitting the affirmation of his expert stating that plaintiff sustained no injury in the accident, along with evidence establishing that plaintiff missed 30 days of work during the first 180 days following the accident and that plaintiff's medical providers placed no restrictions on plaintiff's activities during that 180-day period (*see Gonzalez v Green*, 24 AD3d 939, 940 [2005]). Plaintiff's submissions in opposition to the motion fail to raise a triable issue of fact with respect to the 90/180 category.

The court erred, however, in granting the motion insofar as plaintiff alleges that he sustained a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system. Defendant met his initial burden with respect to those categories by submitting the affirmation of his expert orthopedic surgeon asserting that plaintiff suffered no injury in the accident, the bulging discs at L4-L5 and L5-S1 are a result of degenerative changes rather than acute trauma, and the bulging discs do not account for plaintiff's alleged symptoms (*see generally Pommells v Perez*, 4 NY3d 566 [2005]; *Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1155 [2006]). Plaintiff, however, raised triable issues of fact with respect to those categories by submitting the expert opinion of his treating chiropractor who relied upon objective proof of plaintiff's injury, provided quantifications of plaintiff's loss of range of motion along with qualitative assessments of plaintiff's condition, and concluded that "plaintiff's injury was significant, permanent, and causally related to the accident" (*Vitez v Shelton*, 6 AD3d 1180, 1182 [2004]; *see Evans v Mendola*, 32 AD3d 1231 [2006]; *Coleman v Wilson*, 28 AD3d 1198 [2006]; *Clark v Perry*, 21 AD3d 1378, 1379 [2005]). We therefore modify the order accordingly. Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.