■ HATTIE P. PARMER, Respondent, v OPPORTUNITIES UNLIMITED OF NEW YORK et al., Defendants, and RIDES UNLIMITED OF NIAGARA, INC., et al., Appellants. [852 NYS2d 540]—

Appeal from an order of the Supreme Court, Niagara County (John M. Curran, J.), entered June 12, 2006 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants Rides Unlimited of Niagara, Inc. and David L. Pawlukovich for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained when the motor vehicle she was operating was struck by a vehicle owned by Rides Unlimited of Niagara, Inc. and operated by David L. Pawlukovich (collectively, defendants). Defendants moved for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted that part of defendants' motion with respect to the permanent loss of use category but denied that part of the motion with respect to the permanent consequential limitation of use and 90/180 categories. We affirm. Defendants met their initial burden with respect to the permanent consequential limitation of use category by submitting the report of a physiatrist who examined plaintiff and concluded that her disability was only temporary, and the report of an orthopedist who also examined plaintiff and concluded that she had achieved preaccident status and that any residual disability was caused by a subsequent motor vehicle accident (*see Harris v Carella*, 42 AD3d 915, 916 [2007]; *Yoonessi v Givens*, 39 AD3d 1164, 1165 [2007]; *Moore v Gawel*, 37 AD3d 1158, 1159 [2007]). We conclude, however, that plaintiff raised a triable issue of fact with respect to that category by submitting the report of a physician who examined her and concluded that she did not sustain any injuries in the second accident and the affidavit of one of her treating physicians who averred that plaintiff had sustained a permanent consequential limitation of use of her cervical spine as a result of the first ac-

cident and thus was totally disabled (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We conclude on the record before us that there is sufficient objective evidence of plaintiff's injuries, including X ray reports, an MRI report, and "an expert's designation of . . . numeric percentage[s] of . . . plaintiff's loss of range of motion," to defeat that part of defendants' motion (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). We further conclude that, although defendants met their initial burden with respect to the 90/180 category, plaintiff raised a triable issue of fact by submitting the affidavit of one of her treating physicians and additional evidence establishing that she had been disabled from her job for well over 90 days during the 180 days immediately following the first accident (*see* Insurance Law § 5102 [d]; *Mancuso v Collins*, 32 AD3d 1325, 1326 [2006]). Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.