MICHAEL J. SIRFACE, Respondent, v COUNTY OF ERIE, Appellant. [865 NYS2d 179]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered February 2, 2007 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he drove his all-terrain vehicle (ATV) into a cable strung between two posts at an entranceway to a park owned and operated by defendant. At the time of the accident, the park was closed and there were no lights in the parking lot outside the entranceway in question. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. The duty of a landowner to maintain its property in a safe condition extends to persons whose presence is reasonably foreseeable by the land-

owner, regardless of their status as trespassers (*see Tagle v Jakob,* 97 NY2d 165, 168 [2001]; *Basso v Miller,* 40 NY2d 233, 241 [1976]). Defendant correctly contends that a landowner's general duty of care does not include a duty to illuminate the property at all hours (*see Peralta v Henriquez,* 100 NY2d 139, 145 [2003]). Nevertheless, a landowner with knowledge of a dangerous condition that could be alleviated by illumination may owe a duty to provide adequate lighting (*see id.*; *see also Thompson v City of New York,* 78 NY2d 682, 684 [1991], *rearg denied* 79 NY2d 916 [1992]), and there is an issue of fact in that respect on the record before us.

Contrary to the contention of defendant, it failed to establish as a matter of law that plaintiff's presence in the parking lot outside the entranceway while the park was closed to the public was not reasonably foreseeable and thus that it did not owe a duty to plaintiff to illuminate the parking lot (*see generally Peralta,* 100 NY2d at 144-145). Indeed, in support of its motion, defendant submitted the deposition testimony of the superintendent of the park establishing that there were no signs in the parking lot indicating that the park was closed at the time of the accident or that the operation of ATVs was prohibited in the park. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.