■ CYNTHIA A. BETTS, Respondent, v TOWN OF MOUNT MORRIS, Appellant, et al., Defendant. [911 NYS2d 537]—

Appeal from an order of the Supreme Court, Livingston County (Ann Marie Taddeo, J.), entered February 22, 2010 in a personal injury action. The order, insofar as appealed from,

denied the motion of defendant Town of Mount Morris for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a head-on collision on a road owned and maintained by defendant Town of Mount Morris (Town). Supreme Court properly denied the motion of the Town for summary judgment dismissing the amended complaint against it. According to plaintiff, the Town was negligent, inter alia, in failing to design the road in a manner safe for public travel and in failing to post adequate signage and warnings. With respect to its defense of qualified immunity, we conclude that the Town failed to meet its initial burden of demonstrating that its decisions regarding design, maintenance and signage were "the product of a deliberative decision-making process, of the type afforded immunity from judicial interference" (*Appelbaum v County of Sullivan*, 222 AD2d 987, 989 [1995]; *see Drake v County of Herkimer*, 15 AD3d 834, 835 [2005]). The Town also failed to establish as a matter of law that its alleged negligence was not a proximate cause of the accident (*see Appelbaum*, 222 AD2d at 989-990; *cf. Howard v Tylutki*, 305 AD2d 907, 908 [2003]). Finally, the court properly concluded that the requirement in Town Law § 65-a that the Town receive prior written notice of a defect does not apply to plaintiff's claims against the Town concerning the design of the road and the failure to post adequate signage and warnings (*see Banta v County of Erie*, 134 AD2d 839, 840 [1987]). Present—Martoche, J.P., Sconiers, Green and Pine, JJ.