■ Antoinette McIntosh, an Incapacitated Person, by Her Guardian, Andrea Martin, et al., Respondents, v Village of Freeport, Appellant, et al., Defendants. (And a Third-Party Action.) [943 NYS2d 751]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated October 18, 2010, as granted that branch of the motion of the defendant Village of Freeport which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Village of Freeport which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff Andrea Martin, as guardian of Antoinette McIntosh, commenced this action to recover damages for personal injuries allegedly sustained by McIntosh in a March 19, 2006, car accident at an intersection owned and maintained by the defendant Village of Freeport. McIntosh was a passenger in a car driven by the defendant Kervin Casimir traveling westbound on Independence Avenue. There were stop signs controlling traffic on Independence Avenue at the intersection with Union Street, but there were no other traffic control devices at that intersection. On the date of the accident, Casimir came to a full stop at the intersection and looked to his right where he saw that a vehicle was traveling southbound on Union Street and moving towards his direction. After looking at the vehicle for a few seconds, Casimir decided to proceed through the intersection. However, before Casimir crossed the intersection, his vehicle was struck by the vehicle traveling on Union Street. McIntosh allegedly suffered severe brain injuries as a result of the accident.

The plaintiffs alleged that the Village was negligent in its design and maintenance of the intersection where the accident occurred by failing to have adequate traffic control devices to control all directions of traffic. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court, among other things, granted that branch of the motion, detemining that Casimir's conduct was the sole proximate cause of the accident as a matter of law. We disagree.

The plaintiffs' submissions, including, inter alia, an affidavit of their engineering expert, raised triable issues of fact regarding the reasonableness of the Village's failure to install stop signs controlling Union Street at the subject intersection (*see Scott v City of New York*, 16 AD3d 485, 486 [2005]; *Forsythe-Kane v Town of Yorktown*, 249 AD2d 505, 506 [1998]). Furthermore, "there can be more than one proximate cause of an accident" (*Fogel v Rizzo*, 91 AD3d 706, 707 [2012]). Contrary to the Supreme Court's determination, it cannot be concluded, as a matter of law, that this accident would still have occurred had stop signs been present at the intersection controlling traffic traveling on Union Street. Accordingly, there is a triable issue of fact as to whether the absence of stop signs was a proximate cause of the accident (*see Trent v Town of Riverhead*, 262 AD2d

260, 261 [1999]). As such, that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied. Florio, J.P., Hall, Austin and Cohen, JJ., concur.