■ GEORGES MATA, Respondent, v ROAD MASTERS LEASING CORP. et al., Appellants, et al., Defendants. [10 NYS3d 124]—

In an action to recover damages for personal injuries, the defendants Road Masters Leasing Corp., Liberty Motor Cars, Inc., and Dayan Pourad appeal, as limited by their brief, from

so much of an order of the Supreme Court, Queens County (McDonald, J.), entered June 3, 2014, as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against them and denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that he was injured while a passenger in a vehicle owned by the defendants Road Masters Leasing Corp. (hereinafter Road Masters) and Liberty Motor Cars, Inc. (hereinafter Liberty Motor) and operated by the then-16-year-old defendant Dayan Pourad (hereinafter collectively the appellants), who had a learner's permit. In support of his cross motion for summary judgment on the issue of liability against the appellants, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was merely an innocent passenger and that he did not contribute to the happening of the accident (see Choi v Schwabenbauer, 124 AD3d 574 [2015]; Anzel v Pistorino, 105 AD3d 784 [2013]; Medina v Rodriguez, 92 AD3d 850 [2012]). In opposition, the appellants failed to raise a triable issue of fact. Contrary to their contention, at the time of the accident, the plaintiff, who was not related to Pourad, was not a person acting in loco parentis who had a duty to supervise Pourad within the meaning of Vehicle and Traffic Law § 501 (5) (b) (i) (see 15 NYCRR 1.1 [c]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability insofar as asserted against the appellants.

The Supreme Court also properly denied that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. Contrary to their contention, this action is not barred by the doctrine of assumption of the risk. "As a general rule, application of assumption of the risk should be limited to cases appropriate for absolution of duty, such as personal injury claims arising from sporting events, sponsored athletic and recreative activities, or athletic and recreational pursuits that take place at designated venues" (Custodi v Town of Amherst, 20 NY3d 83, 89 [2012]; see CPLR 1411). Since the appellants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Dillon, J.P.,

Dickerson, Hall and LaSalle, JJ., concur.