# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1360**
**CA 15-00790**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MARY PINTER, INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF ERIN PINTER, DECEASED,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF JAVA, TOWN OF JAVA HIGHWAY DEPARTMENT,
DEFENDANTS-APPELLANTS,
WYOMING COUNTY AND WYOMING COUNTY HIGHWAY
DEPARTMENT, DEFENDANTS-RESPONDENTS.

---

WEBSTER SZANYI LLP, BUFFALO (MICHAEL P. MCCLAREN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 16, 2015. The order denied the motion of defendants Town of Java and Town of Java Highway Department for summary judgment dismissing the complaint and cross claim against them.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and cross claim against defendants Town of Java and Town of Java Highway Department are dismissed.

Memorandum: Plaintiff commenced this wrongful death action after decedent lost control of her vehicle, and the vehicle flipped onto its roof and eventually came to rest in a pond adjacent to the road. Supreme Court erred in denying the motion of Town of Java and Town of Java Highway Department (defendants) seeking summary judgment dismissing the complaint and cross claim against them. Plaintiff did not oppose that part of defendants' motion seeking to dismiss the complaint to the extent that it alleged that defendants were negligent in allowing the road to exist in an icy or slippery condition, and we therefore agree with defendants that the court should have granted their motion to that extent (*see Hagenbuch v Victoria Woods HOA, Inc.*, 125 AD3d 1520, 1521; *Langensiepen v Kruml*, 92 AD3d 1302, 1303).

Plaintiff further alleged in her complaint that defendants were negligent in failing to install a guardrail to prevent vehicles from entering the pond. We conclude that defendants met their initial

burden of establishing their entitlement to summary judgment dismissing that claim, and that plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We therefore further agree with defendants that the court should have granted the motion with respect to that claim, as well. It is well settled that a municipality is not an insurer of the safety of its roadways (*see Tomassi v Town of Union*, 46 NY2d 91, 97).  "The design, construction and maintenance of public highways is entrusted to the sound discretion of municipal authorities and so long as a highway may be said to be *reasonably safe* for people who obey the rules of the road, the duty imposed upon the municipality is satisfied" (*id.* [emphasis added]).  A municipality has a duty to maintain roads in a reasonably safe condition in order to guard against contemplated and foreseeable risks to motorists, and that duty includes providing guardrails (*see Gomez v New York State Thruway Auth.*, 73 NY2d 724, 725; *Sweet v Town of Wirt*, 23 AD3d 1097, 1098; *Gillooly v County of Onondaga*, 168 AD2d 921, 922).

Defendants submitted proof establishing that the road had been in existence since the 1800s, that the pond was created by the adjacent landowner approximately 50 years prior to the accident, and that there were no previous accidents at the accident site.  They further established that the road had not undergone any major reconstruction since it was built and that no nationally accepted highway standards required guardrails at the location of the accident.  In opposition to the motion, plaintiff's experts did not establish that guardrails were required under any existing standard, and their opinions were conclusory and without probative value (*see Chunhye Kang-Kim v City of New York*, 29 AD3d 57, 61; *cf. Popolizo v County of Schenectady*, 62 AD3d 1181, 1182-1183).  Plaintiff also failed to raise a triable issue of fact that there were prior accidents at the site that would have put defendants on notice of a defective condition (*see e.g. Gillooly*, 168 AD2d at 921).  Plaintiff's hearsay submissions may not be relied on where, as here, they are the only proof offered by plaintiff to establish that defendants had notice that the condition of the highway was not reasonably safe (*see Savage v Anderson's Frozen Custard, Inc.*, 100 AD3d 1563, 1564).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court