■ LAURA D. STIGGINS, Individually and as Administratrix of the Estate of JOSHUA S. STIGGINS, Deceased, Appellant, v TOWN OF NORTH DANSVILLE, Respondent. (Appeal No. 1.) [63 NYS3d 796]—

Appeal from an order of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered April 14, 2016. The order, inter alia, granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is modified on the law by denying defendant's motion seeking summary judgment dismissing the complaint and reinstating the complaint, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Livingston County, for further proceedings in accordance with the following memorandum: These consolidated appeals arise from an accident in which nonparty Clayton Benedict lost control of his vehicle while driving with four passengers on a road maintained by defendant. The vehicle ultimately struck a tree and flipped over, resulting in the death of Joshua S. Stiggins, the plaintiff's decedent in appeal No. 1 (decedent), and injury to Jesse T. Galton, the plaintiff in appeal No. 2. The road ended in a parking lot that was part of a public park, and Benedict lost control of the vehicle at a curve just past the park gate, which was open. Based on a police diagram of the accident

scene, it appears that the gate was roughly 300 feet from the parking lot. A sign near the gate stated that the park was open from dawn until dusk, and the accident occurred at about 2:00 a.m. Benedict had been drinking on the night of the accident, and he eventually pleaded guilty to aggravated vehicular homicide, vehicular assault, and driving while intoxicated. In separate complaints, plaintiff Laura D. Stiggins, individually and as administratrix of the estate of Joshua S. Stiggins, and Galton (collectively, plaintiffs) alleged that defendant was negligent in, inter alia, failing to close the park gate, failing to provide adequate lighting for the road, and failing to provide a speed limit sign or a sign warning of the curve. Supreme Court, inter alia, granted defendant's motions seeking summary judgment dismissing the complaints. In view of its determinations, the court did not address the alternative relief sought by defendant in its motions.

As an initial matter in both appeals, we note that plaintiffs do not contend in their joint brief that the court erred in denying their motions for summary judgment, and we therefore deem any such contention abandoned (*see Clark v Perry*, 21 AD3d 1378, 1379 [4th Dept 2005]).

We agree with plaintiffs in both appeals, however, that the court erred in granting defendant's motions seeking summary judgment dismissing their complaints on the ground that the road was reasonably safe as a matter of law. A municipality has a duty to maintain its roads in a reasonably safe condition "in order to guard against contemplated and foreseeable risks to motorists," including risks related to a driver's negligence or misconduct (*Pinter v Town of Java*, 134 AD3d 1446, 1447 [4th Dept 2015]; *see Turturro v City of New York*, 28 NY3d 469, 482 [2016]; *Stiuso v City of New York*, 87 NY2d 889, 890-891 [1995]). In other words, a municipality is not relieved of liability for failure to keep its roadways in a reasonably safe condition "whenever [an accident] involves driver error" (*Turturro*, 28 NY3d at 482; *see Dodge v County of Erie*, 140 AD3d 1678, 1679 [4th Dept 2016]; *cf. Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]). Defendant's duty to maintain the road was therefore not negated by Benedict's intoxication or the fact that the park was closed when the accident occurred (*see Sirface v County of Erie*, 55 AD3d 1401, 1401-1402 [4th Dept 2008], *lv dismissed* 12 NY3d 797 [2009]; *Cappadona v State of New York*, 154 AD2d 498, 499-500 [2d Dept 1989]), and we conclude that defendant did not establish as a matter of law that Benedict's presence under those circumstances was unforeseeable (*see Turturro*, 28 NY3d at 483-484; *Sirface*, 55

AD3d at 1402; *cf. Palloni v Town of Attica*, 278 AD2d 788, 788 [4th Dept 2000], *lv denied* 96 NY2d 709 [2001]). Inasmuch as defendant presented no evidence that the road was reasonably safe at night in the absence of the safety measures proposed by plaintiffs, we conclude that defendant failed to establish as a matter of law that it was not negligent (*see Purves v County of Erie*, 12 AD3d 1112, 1112 [4th Dept 2004]; *cf. Pinter*, 134 AD3d at 1447).

We further agree with plaintiffs that the court erred in determining as a matter of law that Benedict's actions were the sole proximate cause of the accident. Although defendant presented evidence that Benedict was intoxicated and driving "at high speed," we conclude that its submissions did not establish as a matter of law that Benedict's manner of driving "would have been the same" if the safety measures proposed by plaintiffs had been in place (*Trent v Town of Riverhead*, 262 AD2d 260, 261 [2d Dept 1999]; *see Humphrey v State of New York*, 60 NY2d 742, 744 [1983]; *Land v County of Erie*, 138 AD3d 1462, 1463 [4th Dept 2016]; *Torelli v City of New York*, 176 AD2d 119, 122-123 [1st Dept 1991], *lv denied* 79 NY2d 754 [1992]), particularly in view of defendant's submission of evidence that Benedict had never been on the subject road before the accident (*cf. Atkinson v County of Oneida*, 59 NY2d 840, 842 [1983], *rearg denied* 60 NY2d 587 [1983]). Furthermore, even assuming, arguendo, that defendant met its initial burden with respect to causation, we conclude that plaintiffs raised triable issues of fact by submitting conflicting evidence with respect to the speed of the vehicle and whether Benedict would have heeded visible traffic signals (*see O'Buckley v County of Chemung*, 88 AD3d 1140, 1141 [3d Dept 2011]; *see generally Race v Town of Orwell*, 28 AD3d 1112, 1113 [4th Dept 2006]).

Defendant contends, as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]; *Cleary v Walden Galleria LLC*, 145 AD3d 1524, 1526 [4th Dept 2016]), that these actions are barred by the doctrine of primary assumption of risk because decedent and Galton chose to ride with Benedict even though they knew that he was intoxicated. We reject that contention inasmuch as the accident did not arise from a sporting event or an athletic or recreational activity to which the doctrine may apply (*see Custodi v Town of Amherst*, 20 NY3d 83, 89 [2012]; *Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 396 [2010]; *Mata v Road Masters Leasing Corp.*, 128 AD3d 780, 781 [2d Dept 2015]).

We therefore modify the order in each appeal by denying de-

fendant's motion seeking summary judgment dismissing the complaint and reinstating the complaint, and we remit each matter to Supreme Court for a determination of the alternative relief sought by defendant in its motions, i.e., consolidation of the actions.

All concur except NeMoyer, J., who dissents and votes to affirm in the following memorandum.

NeMoyer, J. (dissenting). I respectfully dissent and would affirm the order in each appeal.

"Municipalities have a duty to maintain their roads . . . in a reasonably safe condition for 'people who obey the rules of the road'" (*Palloni v Town of Attica*, 278 AD2d 788, 788 [4th Dept 2000], *lv denied* 96 NY2d 709 [2001], quoting *Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]; *see Pinter v Town of Java*, 134 AD3d 1446, 1446-1447 [4th Dept 2015]). In this case, defendant adequately established that the road in question was reasonably safe (i.e., that defendant did not breach its road-maintenance duty), and plaintiffs thereafter "failed to sustain their burden of raising a triable question of fact on the issue whether the road [was] reasonably safe for [its] lawful, intended and foreseeable use" (*Palloni*, 278 AD2d at 788-789).

When "a defendant comes forward with evidence that the accident was not necessarily attributable to a defect, the burden shifts to the plaintiff to come forward with direct evidence of a defect" (*Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 759 [3d Dept 2000], *lv denied* 95 NY2d 765 [2000]; *see Sideris v Simon A. Rented Servs.*, 254 AD2d 408, 409 [2d Dept 1998]). Here, as Supreme Court found, defendant submitted compelling evidence that the road in question "is a very short park road that goes to a parking lot. It has very subtle curvature . . . The area is basically flat and wide open." There were no prior accidents on the road, nor were there any safety complaints related to the road itself. This evidence is sufficient to meet defendant's initial summary judgment burden on the element of breach (*see Palloni*, 278 AD2d at 788). In opposition, plaintiffs tendered no expert affidavit calling the road's safety in doubt, nor did they come forward with any direct evidence of an unsafe condition in the road. Rather, they simply speculated, from the fact of the crash alone, that the road must have been unsafe. And that is insufficient to raise a triable issue of fact on the element of breach (*see Portanova*, 270 AD2d at 759; *Sideris*, 254 AD2d at 409).

"Undoubtedly, certain risks are unavoidable . . . [A]ny public roadway, no matter how careful its design and construction, can be made safer" (*Tomassi*, 46 NY2d at 97). "Nevertheless,

the [government] is not an insurer" (*Mesick v State of New York*, 118 AD2d 214, 223 [3d Dept 1986, Casey, J., dissenting], *lv denied* 68 NY2d 611 [1986]), and for purposes of assessing alleged municipal negligence, it does not matter whether the road could be marginally safer—it only matters whether the road is reasonably safe. In this case, there can be no real debate as to whether defendant breached its duty to provide a reasonably safe road under the circumstances: it did not. Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.