Whitaker v Kennedy/Town of Poland (2018 NY Slip Op 04170)





Whitaker v Kennedy/Town of Poland


2018 NY Slip Op 04170


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


628 CA 17-02041

[*1]KAREN A. WHITAKER, AS PLENARY GUARDIAN OF JOSEPH L. MARTIN, JR., PLAINTIFF-RESPONDENT,
v
KENNEDY/TOWN OF POLAND, TOWN OF POLAND HIGHWAY DEPARTMENT, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (ZACHARY M. MATTISON OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Chautauqua County (Eugene F. Pigott, Jr., J.), entered September 20, 2017. The amended order denied the motion of defendants Kennedy/Town of Poland and Town of Poland Highway Department for summary judgment dismissing the complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by granting in part the motion of defendants Kennedy/Town of Poland and Town of Poland Highway Department and dismissing the complaint against them except to the extent that the complaint, as amplified by the bill of particulars, alleges that they were negligent in failing to install guiderails at the relevant intersection, and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff commenced this action as plenary guardian of Joseph L. Martin, Jr., an incapacitated person, seeking damages for injuries sustained by Martin in a single-vehicle accident at the intersection of Hartman Road and Stone Road in the Town of Poland. Martin was a passenger in the vehicle, which failed to stop at the intersection, continued across the street, went down an embankment, struck a tree, and came to rest in a creek.
Supreme Court properly denied that part of the motion of Kennedy/Town of Poland and Town of Poland Highway Department (defendants) for summary judgment dismissing the complaint against them insofar as the complaint, as amplified by the bill of particulars, alleged that defendants were negligent in failing to install guiderails at the intersection. "A municipality has a duty to maintain its roads in a reasonably safe condition in order to guard against contemplated and foreseeable risks to motorists,' including risks related to a driver's negligence or misconduct" (Stiggins v Town of N. Dansville, 155 AD3d 1617, 1618 [4th Dept 2017]). Defendants submitted evidence in support of their motion tending to establish that they had notice of prior similar accidents at the intersection, which created an issue of fact whether they were negligent in failing to provide adequate protection against a known dangerous condition by installing guiderails (see Gillooly v County of Onondaga, 168 AD2d 921, 922 [4th Dept 1990]; Posman v State of New York, 117 AD2d 915, 917 [3d Dept 1986]; see also Popolizio v County of Schenectady, 62 AD3d 1181, 1182-1183 [3d Dept 2009]).
We agree with defendants, however, that the court erred in denying that part of their motion for summary judgment dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges other theories of defendants' negligence. Defendants met their initial burden with respect to those other theories, and plaintiff either did not oppose those portions of the motion, thus implicitly conceding defendants' entitlement to summary [*2]judgment on those grounds (see Hagenbuch v Victoria Woods HOA, Inc., 125 AD3d 1520, 1521 [4th Dept 2015]), or failed to raise an issue of fact precluding summary judgment (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore modify the amended order accordingly.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court