Baker v State of New York (2025 NY Slip Op 02673)

Baker v State of New York

2025 NY Slip Op 02673

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

106 CA 23-01438

[*1]KENNETH BAKER, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF BO BAKER, DECEASED, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 124072.) 

MICHAEL E. DALEY, HERKIMER, FOR CLAIMANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Court of Claims (Richard E. Sise, J.), entered August 2, 2023. The judgment dismissed the claim after a trial. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: This case arises from an accident where claimant's decedent lost control of the vehicle that he was driving on State Route 5 in the Town of Little Falls, crossed the center line and continued off the opposite shoulder. Once off the road, decedent's vehicle entered a pond and overturned, which led to decedent's death by drowning. Claimant commenced this action alleging, inter alia, that defendant, the State of New York (State), was negligent for failing to install a guiderail between the road and the pond. Following a nonjury trial, the Court of Claims determined that the State was entitled to qualified immunity and dismissed the claim. Claimant appeals, contending, inter alia, that the State is not entitled to qualified immunity with respect to its decision not to install a guiderail. We affirm.
"Highway planning, design, and maintenance . . . are proprietary functions, arising from a municipality's proprietary duty to keep its roads and highways in a reasonably safe condition" (Turturro v City of New York, 28 NY3d 469, 479 [2016] [internal quotation marks omitted]). "A municipality's proprietary duty to keep its roadways in a reasonably safe condition is well settled" (id.). "In the specific proprietary field of roadway safety, a municipality is afforded 'a qualified immunity from liability arising out of a highway planning decision' " (id., quoting Friedman v State of New York, 67 NY2d 271, 283 [1986]). Qualified immunity may be invoked where the "decisions regarding design, maintenance and signage were 'the product of a deliberative decision-making process, of the type afforded immunity from judicial interference' " (Betts v Town of Mount Morris, 78 AD3d 1597, 1598 [4th Dept 2010]; see Morris v Ontario County, 152 AD3d 1185, 1186 [4th Dept 2017]). Thus, the State "may not be held liable for their discretionary judgments in the area of highway planning, design or safety absent proof that the plan evolved without adequate study or lacked a reasonable basis" (Palloni v Town of Attica, 278 AD2d 788, 789 [4th Dept 2000], lv denied 96 NY2d 709 [2001]).
During the nonjury trial, a New York State Department of Transportation (DOT) engineer testified that, in 2012, he was involved in a safety audit for a repaving project near the pond, and he explained that the audit considered "a long list of parameters as defined by [c]hapter 7" of the New York State Highway Design Manual. Another engineer involved in the 2012 safety audit testified that the DOT conducted an accident history analysis and, upon reviewing the safety audit and accident history, the DOT determined that a guiderail was not needed. " '[O]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is [*2]obvious that the court's conclusions could not be reached under any fair interpretation of the evidence' " (Black v State of New York [appeal No. 2], 125 AD3d 1523, 1525 [4th Dept 2015]), and here, we cannot say that the court's determination could not have been reached under any fair interpretation of the evidence (see generally Brown v State of New York [appeal No. 2], 144 AD3d 1535, 1538 [4th Dept 2016], affd 31 NY3d 514 [2018]; Palloni, 278 AD2d at 789).
In light of our determination, we do not address claimant's remaining contentions.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court