■ DONALD BRENNER, Appellant, v COUNTY OF ROCKLAND, Respondent.— In an action to recover damages, *inter alia,* for malicious prosecution and false arrest, plaintiff appeals from (1) an order of the Supreme Court, Rockland County, dated February 17, 1978, which granted defendant's motion for summary judgment and dismissed the complaint and (2) a judgment of the same court entered thereon on March 24, 1978. Appeal from order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment affirmed, without costs or disbursements. Plaintiff's complaint, alleging malicious prosecution, false arrest, and other related causes of action, was properly dismissed. A prosecutor is entitled to absolute immunity for actions taken within the scope of his official duties in initiating and pursuing a criminal prosecution and in presenting the State's case (see *Imbler v Pachtman,* 424 US 409; *Yaselli v Goff,* 12 F2d 396, affd 275 US 503). All of the acts complained of by the plaintiff (e.g., the alleged withholding of material evidence and the failure to thoroughly investigate the matter) were intimately associated with the judicial phase of the criminal process, and were performed by the prosecutor in a quasi-judicial capacity. Under *Imbler* and *Yaselli,* a prosecutor is protected by the shield of immunity from civil suits alleging impropriety in the manner in which he performed his quasi-judicial function, and this includes the manner in which evidence is presented to the Grand Jury. The forwarding to the Internal Revenue Service of information warranting further investigation, while the indictment in this case was pending, was also performed by the prosecutor within the scope of his official duties. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur. [92 Misc 2d 833.]

■ FERDINAND BUSTAMANTE, Respondent, v RAMONA GONZALEZ et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Kings County, dated June 5, 1978, which, upon reargument, granted the plaintiff's motion for a general preference. Action remitted to Mr. Justice Hirsch at Special Term to hear and report as to whether the plaintiff has complied with the terms and conditions of Mr. Justice Cone's order dated January 26, 1978. In the interim the appeal is held in abeyance. The record is inadequate for this court to determine whether the plaintiff has complied with the conditions contained in the above-mentioned order of Mr. Justice Cone. Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.

■ SYLVIA DUTKA, Appellant, v SOLOMON DUTKA, Respondent.—In an action for divorce, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County, dated November 13, 1978, as (1) denied her requests for exclusive possession of the marital home, an order of protection and an interim counsel fee, and (2) awarded her only $300 per week as temporary alimony. Order modified, by deleting therefrom the provision which awarded plaintiff $300 per week as temporary alimony, and substituting therefor a provision awarding plaintiff $500 per week as temporary alimony. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff. The temporary alimony was inadequate to the extent indicated herein. Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.