■ JOSEPH MINICOZZI, Appellant, v CITY OF GLEN COVE et al., Defendants, and COUNTY OF NASSAU, Respondent. — In an action to recover damages for false arrest, false imprisonment and malicious prosecution, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated April 20, 1983, as granted the motion of the defendant County of Nassau for summary judgment dismissing plaintiff's complaint as against it and denied as moot that branch of plaintiff's cross motion which sought an order directing the county to comply with his motion to take a deposition upon oral examination. Order affirmed, insofar as appealed from, without costs or disbursements. Defendant County of Nassau's motion for summary judgment was properly granted. The county is charged with vicarious liability for the acts of a certain Assistant District Attorney in

its employ. A prosecutor is entitled to absolute immunity for quasi-judicial actions taken within the scope of his official duties (*Imbler v Pachtman,* 424 US 409; *Whitmore v City of New York,* 80 AD2d 638; *Brenner v County of Rockland,* 67 AD2d 901, mot for lv to app den 47 NY2d 705). Plaintiff's allegations that the prosecutor failed to thoroughly investigate the matter and that he unnecessarily delayed the ultimate dismissal of the criminal charges involve activities intimately associated with the judicial phase of the criminal process, e.g., pretrial preparation, which were performed by the prosecutor in his quasi-judicial capacity (*Brenner v County of Rockland, supra*). Therefore, the prosecutor and his employer, the county, are fully protected from civil liability under the doctrine of absolute immunity. We have considered the plaintiff's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.