■ FRANCISCO CALDERON, Appellant, v COUNTY OF WESTCHESTER, Respondent. — In an action to recover damages for false arrest and false imprisonment, plaintiff appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered May 17, 1984, which granted defendant's motion for summary judgment. The appeal brings up for review so much of an order of the same court entered June 11, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order entered May 17, 1984 dismissed. That order was superseded by the order entered June 11, 1984, upon reargument.

Order entered June 11, 1984 affirmed, insofar as reviewed.

Respondent is awarded one bill of costs.

Defendant County of Westchester's motion for summary judgment was properly granted. Whether or not the county could be found vicariously liable for the tortious acts allegedly committed by the District Attorney's office, these acts were quasi-judicial in nature. As such, the Assistant District Attorney here is entitled to absolute immunity from civil suit for the discretionary actions taken within the ambit of his official duties (*see, Imbler v Pachtman,* 424 US 409; *Minicozzi v City of Glen Cove,* 97 AD2d 815; *Brenner v County of Rockland,* 67 AD2d 901, *lv denied* 47 NY2d 705). It is clear from the allegations of the complaint that the acts complained of were not investigative in nature, but were committed in the furtherance of a criminal prosecution. Since the Assistant District Attorney is not subject to suit, neither is the County of Westchester. In reaching this conclusion, we do not pass upon the propriety of Special Term's finding that the county and the District Attorney's office are united in interest. O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.