■ ARNOLD SHER et al., Respondents, v JACK PELLICANO, Defendant, and JOSEPH GHISLINE, Defendant and Third-Party Plaintiff-Appellant. COUNTY OF SUFFOLK, Third-Party Defendant-Respondent. [609 NYS2d 352] —In an action to recover damages for malicious prosecution, the defendant third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered January 31, 1991, as granted separate motions of the plaintiffs and the third-party defendant to dismiss the third-party complaint.

Ordered that the order is affirmed insofar appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

We reject the respondents' contention that the appellant is precluded from bringing this appeal based upon a decision and order on motion of this Court dated February 10, 1992, which dismissed, for lack of prosecution, an appeal from another order of the Supreme Court, Suffolk County, also dated January 31, 1991. While the Supreme Court obviously committed an oversight by signing two partly overlapping orders, the orders, both dated January 31, 1991, are separate and distinct. The order from which the appeal was dismissed only deals with the denial of the appellant's motion to dismiss an amended complaint, whereas the order which is the subject of the instant appeal deals with the denial of the appellant's motion to dismiss the amended complaint, as well as the granting of the cross motions to dismiss the third-party complaint. Since the issue of whether the third-party complaint was properly dismissed could not have been raised on the appeal which was dismissed, we are not precluded from reviewing that issue *(see, Bray v Cox,* 38 NY2d 350, 355).

Turning to the merits of the instant appeal, we note that the allegations in the third-party complaint against the County of Suffolk involved activities intimately associated with the judicial phase of a criminal process which were performed by the County's personnel in their quasi-judicial

capacity. Accordingly, the County had absolute immunity for its actions *(see, Matter of Covillion v Town of New Windsor, 123 AD2d 763; Calderon v County of Westchester, 111 AD2d 208; Minicozzi v City of Glen Cove, 97 AD2d 815).*

The appellant's contention that the plaintiffs' counsel should have been disqualified is unpreserved for appellate review. Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.