■ BARBARA HAZEN, Plaintiff, v PAULA J. DUFRANE, Defendant and Third-Party Plaintiff-Appellant. COUNTY OF ST. LAWRENCE et al., Third-Party Defendants-Respondents. [640 NYS2d 684] —Casey, J. Appeal from an order of the Supreme Court (Demarest, J.), entered September 18, 1995 in St. Lawrence County, which granted third-party defendants' motion for summary judgment dismissing the third-party complaint.

Defendant filed a supporting deposition with the State Police which formed the basis for the arrest of plaintiff on a charge of harassment in the first degree, a class B misdemeanor, which was prosecuted in the Massena Village Court. The charge was dismissed when defendant failed to appear in court. Defendant knew that the case was scheduled for trial but claims that she was told by Assistant District Attorney Eric J. Gustafson, a third-party defendant, that her appearance was not necessary since the matter was to be adjourned for a period of six months in contemplation of dismissal. Following the dismissal of the harassment charge, plaintiff commenced an action against defendant for damages, alleging the intentional torts of malicious prosecution and defamation. Defendant then commenced a third-party action against St. Lawrence County, as the municipality responsible for the conduct of Gustafson, and against Gustafson individually based on the false information he allegedly provided to defendant regarding the necessity of her court appearance.

Defendant contends that she was subjected to possible liability to plaintiff when the charge of harassment was dismissed, and because the dismissal was the direct result of the erroneous information given by Gustafson, she claims that her third-party action for contribution and/or indemnity against the County and Gustafson is appropriate. The allegations of the third-party complaint involve discretionary activi-

ties on the part of Gustafson in his official, quasi-judicial capacity as a duly appointed Assistant District Attorney. The activities were absolutely privileged and, therefore, neither he nor the County can be liable to defendant (*see, Sher v Pellicano*, 203 AD2d 273; *Calderon v County of Westchester*, 111 AD2d 208; *Shanbarger v Kellogg*, 35 AD2d 902, *lv denied* 29 NY2d 485, *cert denied* 405 US 919). Supreme Court properly granted third-party defendants' motion for summary judgment and its order dismissing the third-party complaint should be affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.