■ STEPHEN D. ETHER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) DONALD L. MOORE et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 2.) [651 NYS2d 752] —Mercure, J. Appeals from two judgments of the Court of Claims (Benza, J.), entered June 21, 1995, upon a decision of the court in favor of the State.

These claims arise out of a June 27, 1986 automobile accident that took place near the intersection of US Route 9 and Philo Road in the Town of Stockport, Columbia County. Between 9:00 P.M. and 9:30 P.M. on a dark rainy evening, a southbound automobile driven by claimant Stephen D. Ether failed to negotiate a right-hand curve on Route 9 and instead drove straight, off Route 9 and down Philo Road, which intersected at a shallow angle from the left at the beginning of the curve. A steep drop-off from the super-elevated east side of Route 9 caused the vehicle to become airborne, ultimately

striking a tree and coming to rest on an embankment on the side of Philo Road. Ether and the front-seat passenger, claimant Dondi Moore, sustained personal injuries in the accident. Claimants' theory of liability is that the State was negligent in allowing the double yellow center lines on Route 9 to become extremely faded, causing Ether to mistakenly perceive the highway as continuing straight instead of curving to the right. At the conclusion of a joint trial on the issue of liability only, the Court of Claims found that the State's negligence was not a proximate cause of the accident and separate judgments were entered dismissing the claims. Claimants now appeal.

We affirm. Initially, we are not persuaded by claimants' argument that the Court of Claims erred in requiring claimants to prove that the State's negligence was the *sole* cause of the accident, rather than merely requiring them to show that the State's negligence contributed to the accident in a substantial way (*see, Gutelle v City of New York*, 55 NY2d 794, 796) or was a substantial causative factor in the sequence of events leading to the accident (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520). To the contrary, the Court of Claims correctly characterized the issue as whether "the accident was a 'natural and probable consequence of the State's negligence' " (quoting *Schichler v State of New York*, 110 AD2d 959, 961, *affd* 66 NY2d 954) and its analysis quite properly focused on claimants' inability to come forward with evidence tending to establish *any* particular cause for the accident.

Significantly, Ether testified that he had no recollection of the accident, and the two eyewitnesses to the accident established only that Ether drove off Route 9 at a speed of approximately 40 miles per hour and never applied his brakes, turned the steering wheel or engaged in any other corrective or evasive maneuvers. Although this evidence lends some support to the theory that the juxtaposition of the roadways and the absence of adequate road markings caused Ether to believe that the correct path lay straight ahead, it appears just as likely that the error in judgment was caused by a combination of poor visibility, excessive speed for the weather conditions and Ether's inexperience, fatigue and inattentiveness. We note in that connection that at the time of the accident Ether was only 17 years old, that he was traveling home from playing in an American Legion baseball game, following which he had nothing to eat or drink, and that curve warning and speed advisory signs gave notice of the upcoming curve to the right. As correctly observed by the Court of Claims, "[t]o argue * * * that the asserted negligence of the State was a substantial fac-

tor in bringing about this event is only to invite impermissible speculation" (*Murray v State of New York*, 38 NY2d 782, 784; *see, Pontello v County of Onondaga*, 94 AD2d 427, 430, *lv dismissed* 60 NY2d 560).

Claimants' remaining contentions require little discussion. We conclude that there was no basis for permitting the relaxed burden of persuasion enunciated in *Noseworthy v City of New York* (298 NY 76), first, because claimants and the State were "similarly situated insofar as accessibility to the facts of the [accident] is concerned" (*Wright v New York City Hous. Auth.*, 208 AD2d 327, 332) and, second, because there was no medical evidence to support Ether's claim of amnesia (*see, Menekou v Crean*, 222 AD2d 418, 419). Finally, the Court of Claims did not err in receiving evidence concerning the volume of traffic that had negotiated the subject curve without accident (*see, Niles v State of New York*, 201 AD2d 774, 776).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgments are affirmed, without costs.