■ EDWIN L. SLATE, Individually and as Father and Natural Guardian of SHANNON SLATE, Appellant, v TOWN OF ANTWERP, Respondent. [721 NYS2d 431] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting in its entirety defendant's motion seeking summary judgment dismissing the complaint. Plaintiff's daughter was severely injured when the pickup truck she was driving left the gravel road, striking trees. Plaintiff commenced this action alleging, *inter alia,* that defendant was negligent in maintaining the gravel road. "It is well settled that a municipality has a duty 'to construct and maintain its highways in a reasonably safe condition, taking into account such factors as the traffic conditions apprehended, the terrain encountered and fiscal practicality' " (*Demesmin v Town of Islip,* 147 AD2d 519, 520, quoting *Gutelle v City of New York,* 55 NY2d 794, 795). In the event that there is a dangerous or defective condition, a town is not liable for injuries caused by such condition without proof of actual or constructive notice of the condition (*see,* Town Law § 65-a [1]). Defendant met its initial burden of establishing its entitlement to judgment as a matter of law by submitting proof in evidentiary form that the road was not negligently maintained and that it had no actual or constructive notice of any alleged dangerous or defective condition (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiff, however, raised an issue of fact whether defendant had constructive notice of a dangerous or defective condition by submitting evidence that the road had been in poor condition "for years," particularly after heavy rains, when it would be rutted in a "washboard-like" manner. Pursuant to Town Law § 65-a (1), defendant may be liable for the alleged dangerous or defective condition even in the absence of written notice thereof if such condition "existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence." Here, the alleged existence of a dangerous or defective condition for a period of years is suf-

ficient to create an issue of fact with respect to constructive notice. Thus, we modify the order by denying defendant's motion in part and reinstating the complaint except insofar as it alleges that defendant is liable based on actual notice of the dangerous and defective condition of the road at issue. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.