■ MICHAEL P. ROCHE et al., Appellants, v VILLAGE OF TARRYTOWN et al., Respondents, et al., Defendants. [766 NYS2d 46] —In an action, inter alia, to recover damages for false arrest and unlawful imprisonment, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 11, 2002, which granted the separate mo-

tions of the defendants Village of Tarrytown and County of Westchester for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiffs' contentions, the Supreme Court properly granted the motion of the defendant Village of Tarrytown for summary judgment dismissing the causes of action to recover damages for false arrest and unlawful imprisonment insofar as asserted against it. Those causes of action accrued upon the date the plaintiff Michael Roche was released from confinement (*see Nunez v City of New York,* 307 AD2d 218 [2003]; *Salman v Econo Lodge,* 303 AD2d 923 [2003]; *Avgush v Town of Yorktown,* 303 AD2d 340 [2003]; *Palmer v City of New York,* 226 AD2d 149 [1996]; *Matter of Ragland v New York City Hous. Auth.,* 201 AD2d 7 [1994]), which in this case was September 18, 1999, shortly after his arrest for theft of services. The plaintiffs did not file a notice of claim with the Village until February 22, 2000, which is beyond the applicable 90-day period provided by General Municipal Law § 50-e (1) (a) (*see Avgush v Town of Yorktown, supra*).

The plaintiffs argue that their notice of claim was timely served on the Village when measured from the accrual of the plaintiffs' cause of action to recover damages for malicious prosecution, which accrued, if at all, upon the termination of the criminal prosecution (*see Nunez v City of New York, supra; Matter of Ragland v New York City Hous. Auth., supra*). However, the complaint only asserted causes of action to recover damages for false arrest and unlawful imprisonment against the Village. This is factually appropriate since the Village's police officers only *arrested* Roche; the *Village* did not prosecute him. The County of Westchester prosecuted the theft of services charge through its District Attorney's office. Thus, since the Village did not prosecute Roche, the Village cannot be charged with malicious prosecution, and therefore the accrual of the malicious prosecution cause of action against the County cannot be invoked to revive the plaintiffs' time-barred false arrest and unlawful imprisonment claims against the Village.

The Supreme Court likewise properly awarded summary judgment to the defendant County, as it cannot be held liable for the alleged malicious prosecution by its District Attorney's office. The decision to prosecute, and to later drop the theft of services charge, was a prosecutorial act for which the District Attorney and the County enjoy absolute immunity from suit for damages (*see Imbler v Pachtman,* 424 US 409 [1976];

*Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278 [2003]; *Shapiro v Town of Clarkstown*, 238 AD2d 498 [1997]; *Hazen v Dufrane*, 226 AD2d 901 [1996]; *Calderon v County of Westchester*, 111 AD2d 208 [1985]).

The plaintiffs' arguments challenging the timing of the defendants' motions are unpreserved for appellate review (*see Matter of Cosgriff v Progressive Ins. Co.*, 303 AD2d 680 [2003]; *Lebreton v New York City Tr. Auth.*, 267 AD2d 211 [1999]), and rest upon matters that are dehors the record. Thus, these arguments are not properly raised and may not be considered on appeal (*see Juarbe v City of New York*, 303 AD2d 462 [2003]; *Schondorf v Brookville Energy Partners*, 303 AD2d 396 [2003]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Florio, S. Miller and Luciano, JJ., concur.