ANTHONY F. ENDIEVERI, as Administrator of the Estate of STEVEN A. ENDIEVERI, Deceased, Respondent, v COUNTY OF ONEIDA, Appellant. [830 NYS2d 397]—

Appeal from an amended order of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered November 3, 2005 in a personal injury and wrongful death action. The amended order denied defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the amended order so appealed from

be and the same hereby is unanimously reversed on the law without costs, the motion is granted, and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for the wrongful death of plaintiff's decedent, who was killed in a car accident by another motorist on a road maintained by defendant. We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the amended complaint. Although we conclude that there may be a triable issue of fact whether defendant was negligent in allowing the double yellow center lines on the road to become faded (*see* Vehicle and Traffic Law § 1652-a), we further conclude that defendant met its initial burden on the motion by establishing as a matter of law that any such negligence was not a proximate cause of the accident and plaintiff failed to raise a triable issue of fact with respect thereto. The only reasonable inference to be drawn from the facts established by defendant is that the accident would have occurred regardless of the condition of the double yellow center lines (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *Tomassi v Town of Union*, 46 NY2d 91, 98 [1978]). The affidavit of plaintiff's expert submitted in opposition to defendant's motion failed to raise a triable issue of fact whether "the faded lines caused or contributed to this accident" (*Taylor v County of Onondaga*, 139 AD2d 906, 906 [1988], *lv denied* 72 NY2d 807 [1988]; *see McGregor v Flexcon Co.*, 275 AD2d 1001, 1002 [2000], *lv denied* 96 NY2d 702 [2001]; *see also Ether v State of New York*, 235 AD2d 685, 686-687 [1997]). Because there is no evidence in the record that the faded double yellow center lines were a causative factor, a jury making that finding would impermissibly have to resort to speculation or conjecture (*see generally Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). Present—Scudder, P.J., Hurlbutt, Gorski and Pine, JJ.