■ In the Matter of NILO BLANCO, Appellant, v CITY OF NEW YORK et al., Respondents. [910 NYS2d 921]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Queens County (Flug, J.), dated July 23, 2009, which denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner was arrested on January 8, 2008, and subsequently charged with, among other crimes, two counts of robbery in the first degree. According to the petitioner, he was released from prison on October 3, 2008, when he was able to post bail. On February 25, 2009, the charges against the petitioner were dismissed. On March 27, 2009, the petitioner filed a notice of claim upon the City of New York alleging, inter alia, claims of false arrest, false imprisonment, and malicious prosecution. This notice of claim was timely with respect to the petitioner's malicious prosecution claim, but untimely with respect to his false arrest and false imprisonment claims (*see Roche v Village of Tarrytown*, 309 AD2d 842, 843 [2003]). The petitioner subsequently commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim of with respect to, inter alia, his claims of false arrest and false imprisonment.

The Supreme Court did not improvidently exercise its discretion in denying the petition for leave to serve a late notice of claim. The petitioner failed to provide a reasonable excuse for his failure to serve a timely notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). Moreover, the evidence submitted by the petitioner failed to establish that the City had actual knowledge of the essential facts constituting his claims within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 536 [2006]; *Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]; *Matter of*

*Charles v City of New York*, 67 AD3d 793 [2009]). Finally, the petitioner failed to establish that the delay in serving a notice of claim would not substantially prejudice the City (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Matter of Bush v City of New York*, 76 AD3d at 629; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152-153). Covello, J.P., Dickerson, Belen and Lott, JJ., concur.