# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1342**
**CA 15-00460**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

ALEX C. MILLER, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KIRK HOWARD, ET AL., DEFENDANTS,
AMORE'S USED CARS & REPAIRS, INC.,
DEFENDANT-APPELLANT,
AND COUNTY OF CATTARAUGUS,
DEFENDANT-RESPONDENT.

---

FRANCIS M. LETRO, BUFFALO (RONALD J. WRIGHT OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (WILLIAM K. KENNEDY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

BARCLAY DAMON LLP, BUFFALO (VINCENT G. SACCOMANDO OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeals from an order and judgment (one paper) of the Supreme Court, Cattaraugus County (Paula L. Feroleto, J.), entered May 20, 2014. The order and judgment granted the motion of defendant County of Cattaraugus for summary judgment and dismissed the complaint and all cross claims against it.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was a passenger in a motor vehicle operated by Kirk Howard (defendant). Plaintiff alleged in the complaint, inter alia, that defendant County of Cattaraugus (County) was negligent in maintaining the county road where the accident occurred and that defendant Amore's Used Cars & Repairs, Inc. (Amore's) was negligent in repairing defendant's vehicle. Amore's asserted a cross claim against all defendants for contribution and indemnification. Supreme Court granted the County's motion for summary judgment dismissing the complaint and all cross claims against it. Plaintiff and Amore's appeal, and we affirm.

At the outset, we reject Amore's contention that the court was required to deny the County's motion based on its failure to submit Amore's answer with its initial moving papers. Amore's answer was submitted by the County in its reply papers, was before the court when

it decided the motion, and is part of the record on appeal (*see Dale v Gentry*, 66 AD3d 1469, 1469).

Although we agree with plaintiff "that there may be a triable issue of fact whether [the County] was negligent in allowing the [markings] on the road to become faded . . . , we further conclude that [the County] met its initial burden on the motion by establishing as a matter of law that any such negligence was not a proximate cause of the accident and plaintiff failed to raise a triable issue of fact with respect thereto" (*Endieveri v County of Oneida*, 35 AD3d 1268, 1269). "The only reasonable inference to be drawn from the facts established by [the County] is that the accident would have occurred regardless of the condition of the [road markings]" (*id.*). In opposition to the motion, plaintiff's expert did not address the speed at which defendant was driving when he entered the curve, defendant's admitted intoxicated and fatigued state, his failure to notice earlier traffic signs informing motorists of the curve's presence and, most importantly, how the "faded lines caused or contributed to [the] accident" (*Taylor v County of Onondaga*, 139 AD2d 906, 906, *lv denied* 72 NY2d 807; *see Ether v State of New York*, 235 AD2d 685, 686-687). Indeed, defendant testified that, prior to the accident, he "was looking forward at the road and . . . noticed the yellow lines and the[n] [the] crash happened." "Because there is no evidence in the record that the faded . . . [road markings] were a causative factor, a jury making that finding would impermissibly have to resort to speculation or conjecture" (*Endieveri*, 35 AD3d at 1269).

Contrary to plaintiff's further contention, plaintiff is precluded from asserting a theory of liability based on the County's negligent design and construction of the road because he failed to include that theory of liability in his notice of claim, and we note that "a late notice of claim asserting such [a] theor[y] would in any event be time-barred" (*Clare-Hollo v Finger Lakes Ambulance EMS, Inc.*, 99 AD3d 1199, 1201; *see Crew v Town of Beekman*, 105 AD3d 799, 800-801).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court