■ In the Matter of JUSTIN LAPIERRE, SR., et al., Appellants, v CITY OF NEW YORK et al., Respondents. [24 NYS3d 725]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated May 13, 2014, which denied the petition.

Ordered that the order is affirmed, with costs.

This proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim was commenced by six individuals who were arrested on September 30, 2012, and released from custody within two days of the arrest. Charges were filed against two of the individuals, and the charges were dismissed on April 11, 2013. On July 3, 2013, these two individuals served notices of claim upon the City of New York. These notices of claim were timely with respect to their claims sounding in malicious prosecution, but untimely with respect to their claims sounding in false arrest, assault, battery, negligence, intentional infliction of emotional distress, and negligent hiring, supervision, and retention (see Matter of Rivera v City of New York, 88 AD3d 1004, 1005 [2011]; Matter of Blanco v City of New York, 78 AD3d 1048 [2010]; Roche v Village of Tarrytown, 309 AD2d 842, 843 [2003]). In November 2013, all six individuals commenced this proceeding for leave to serve a late notice of claim with respect to their claims sounding in false arrest, assault, battery, negligence, intentional infliction of emotional distress, and negligent hiring, supervision, and retention.

The Supreme Court providently exercised its discretion in denying the petition. The petitioners failed to provide a reasonable excuse for their failure to serve a timely notice of claim (see Matter of Fernandez v City of New York, 131 AD3d 532, 533 [2015]; Matter of Bhargava v City of New York, 130 AD3d 819, 820 [2015]; Matter of Blanco v City of New York, 78 AD3d at 1048). Moreover, the evidence submitted by the petitioners failed to establish that the City had actual knowledge of the essential facts constituting the claims of false arrest, assault, battery, negligence, intentional infliction of emotional distress, and negligent hiring, supervision, and retention within 90 days following their accrual or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 536 [2006]; Matter of Murray v Village of Malverne, 118 AD3d 798, 799 [2014]; Matter of Mitchell v City of New York, 112 AD3d 940, 940-941 [2013]). Finally, the petitioners failed to establish that the delay in serving a notice of claim would not substantially prejudice the City (see Williams v Nassau County Med. Ctr., 6 NY3d at 539; Matter of Murray v Village of Malverne, 118 AD3d

at 800; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]). Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.