# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**343**
**CA 15-01126**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

DWIGHT LAND, III, PLAINTIFF-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-APPELLANT,
AND JAMES PAYCHECK, DEFENDANT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF
COUNSEL), FOR DEFENDANT-APPELLANT.

PHILIP A. MILCH, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered June 4, 2014.  The order denied the motion of
defendant County of Erie for summary judgment dismissing the complaint
and all cross claims against it.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced these consolidated negligence
actions seeking damages for injuries he allegedly sustained in a motor
vehicle accident.  We conclude that Supreme Court properly denied the
motion of defendant County of Erie (County) for summary judgment
dismissing the complaint and all cross claims against it.  Plaintiff
alleged that the County was negligent in, inter alia, the design,
construction, maintenance and operation of the intersection where the
accident occurred.  "It is well settled that a municipality has a duty
'to construct and maintain its highways in a reasonably safe
condition, taking into account such factors as the traffic conditions
apprehended, the terrain encountered and fiscal practicality' "
(*Demesmin v Town of Islip*, 147 AD2d 519, 520, quoting *Gutelle v City
of New York*, 55 NY2d 794, 795; *see Slate v Town of Antwerp*, 278 AD2d
857, 857).  In support of its motion, the County failed to establish
either that it was not negligent or "that the accident would have
occurred regardless of the condition of the" allegedly dangerous road
(*Endieveri v County of Oneida*, 35 AD3d 1268, 1269; *see Miller v
Howard*, 134 AD3d 1537, 1537-1538).  The County further contends that
it owes a duty of care only to those persons who obey the rules of the
road and, because the court previously determined that plaintiff was
negligent, it owed no duty of care to plaintiff.  We reject that
contention.  "No meaningful legal distinction can be made between a
traveler who uses [an intersection] with justification and one who
uses it negligently insofar as how such conduct relates to whom a duty

is owed to maintain the [intersection].  The comparative fault of the driver, of course, is relevant to apportioning liability" (*Bottalico v State of New York*, 59 NY2d 302, 306; *see generally Stiuso v City of New York*, 87 NY2d 889, 890-891; *Green v County of Allegany*, 300 AD2d 1077, 1077).