# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**528**

**CA 15-01703**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

MARK DODGE AND KRISTEN DODGE,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

COUNTY OF ERIE, DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (THOMAS J. NAVARRO OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROSENTHAL, KOOSHOIAN & LENNON, LLP, BUFFALO (PETER M. KOOSHOIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 16, 2015. The order, insofar as appealed from, denied that part of the motion of defendant County of Erie seeking summary judgment dismissing the complaint of plaintiffs Mark Dodge and Kristen Dodge.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The County of Erie (defendant) appeals from an order insofar as it denied that part of its motion for summary judgment dismissing plaintiffs' complaint, which alleges that Mark Dodge (plaintiff) sustained injuries as a result of a motor vehicle collision that occurred on a road owned by defendant. Supreme Court properly denied that part of the motion. Defendant had a duty to maintain its highway and intersection in a condition reasonably safe for motorists (*see Friedman v State of New York*, 67 NY2d 271, 283; *Tomassi v Town of Union*, 46 NY2d 91, 97), and that duty was not negated by plaintiff's failure to heed the stop sign controlling his lane of travel and his failure to yield the right-of-way to the other vehicle. The negligence of a plaintiff in violating the rules of the road will not relieve a municipality of liability for its negligence in the design, construction, or maintenance of a highway (*see Bottalico v State of New York*, 59 NY2d 302, 306; *see also Land v County of Erie*, 138 AD3d 1462, 1463). As we recently concluded in *Land*, "[n]o meaningful legal distinction can be made between a traveler who uses [an intersection] with justification and one who uses it negligently insofar as such conduct relates to whom a duty is owed to maintain the [intersection]. The comparative fault of the driver, of course, is relevant to apportioning liability" (138 AD3d at

1463 [internal quotation marks omitted]).  Here, we conclude that there are triable issues of fact concerning whether defendant was negligent and, if so, whether such negligence was a proximate cause of the accident, or whether plaintiff's negligence in running the stop sign was the sole proximate cause of the accident (*see Poveromo v Town of Cortlandt*, 127 AD3d 835, 838; *see also Land*, 138 AD3d at 1463).

We further conclude that defendant failed to establish on its motion its entitlement as a matter of law to the qualified immunity set forth in *Weiss v Fote* (7 NY2d 579, 585, *rearg denied* 8 NY2d 934). Defendant may have demonstrated that the placement of the "stop ahead" sign near the intersection, and possibly also the decision not to reposition the stop sign itself, were the product of an informal study and a resultant plan, but defendant failed to demonstrate that the overall design of the intersection was in fact "the product of any prior study or plan," as necessary to be accorded qualified immunity (*Brown v State of New York*, 79 AD3d 1579, 1582, citing *Cummins v County of Onondaga*, 198 AD2d 875, 877, *affd* 84 NY2d 322).  "There is a triable issue of fact concerning whether defendant's [design and maintenance of] the intersection . . . was the product of adequate study and a reasonable planning decision . . . or instead was negligent" (*Drake v County of Herkimer*, 15 AD3d 834, 835).

We have considered the remaining contention of defendant and conclude that it is without merit.

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court