Barros, J., dissents, and votes to reverse the order, on the facts and in the exercise of discretion, and grant the petition, with the following memorandum, in which Hinds-Radix, J., concurs: On September 10, 2014, the petitioner was arrested in Brooklyn. Thereafter, he was arraigned and detained at Rikers Island until his release from custody on September 13, 2014. On March 27, 2015, the criminal charges against him were dismissed. On or about May 21, 2015, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York and the New York City Police Department (hereinafter together the City). On May 27, 2015, the petitioner served the petition and the proposed notices of claim upon the City. The notices of claim were timely with respect to the claim sounding in malicious prosecution, but untimely with respect to the claims sounding in false arrest and false imprisonment (see Matter of Lapierre v City of New York, 136 AD3d 821 [2016]; Matter of Blanco v City of New York, 78 AD3d 1048 [2010]). The Supreme Court denied the petition for leave to serve a late notice of claim with respect to the claims of false arrest and false imprisonment. In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e (5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, (1) whether the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461 [2016]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). The presence or absence of any factor is not determinative (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; Matter of City of New York v County of Nassau, 146 AD3d 948, 950 [2017]; Matter of Hubbard v County of Madison, 71 AD3d 1313 [2010]; Matter of Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 509 [2008]). “[Depending upon the particular facts of each case, the weight to be given to any one factor may be lesser or greater” (Matter of Hubbard v County of Madison, 71 AD3d at 1316). In support of his application, the petitioner submitted an affidavit explaining that he did not timely file a notice of claim on his false arrest and false imprisonment claims because criminal proceedings against him were still pending and he feared retaliation by the District Attorney’s office. Under the circumstances, the Supreme Court providently exercised its discretion in determining that this excuse was not reasonable (see Doukas v East Meadow Union Free School Dist., 187 AD2d 552, 553 [1992]; but see Lawton v Town of Orchard Park, 138 AD3d 1428 [2016]). “In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves” (Matter of D’Agostino v City of New York, 146 AD3d 880, 880-881 [2017] [internal quotation marks omitted]). Here, the petitioner did not submit any record evidence to meet his burden of showing actual knowledge of the essential facts constituting the claim (see Matter of Hamilton v City of New York, 145 AD3d 784 [2016]; Matter of Rivera v City of New York, 88 AD3d 1004, 1005 [2011]; see also Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465). However, where, as here, false arrest and false imprisonment causes of action accrue prior to the termination of criminal proceedings against a petitioner, records relating to any ongoing criminal investigation against the petitioner will likely be unavailable to the petitioner due to the limited discovery permitted in criminal proceedings (see CPL 240.20) and the likelihood of an asserted exemption or exemptions under the Freedom of Information Law (see Public Officers Law § 87 [2] [e]). Therefore, the petitioner’s failure to meet his burden to provide record evidence demonstrating that the City acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter is not fatal to his petition. Indeed, as noted by the Court of Appeals, “there may be scenarios where, despite a finding that the public corporation lacked actual knowledge during the statutory period or a reasonable time thereafter, the public corporation nonetheless is not substantially prejudiced by the late notice” (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; see Matter of Hubbard v County of Madison, 71 AD3d at 1315-1316). In Newcomb, the Court of Appeals endorsed a new rule establishing a shifting burden of proof in demonstrating that a late notice of claim substantially prejudices a public corporation (see 28 NY3d at 467). The petitioner has the initial burden of showing that the late notice will not substantially prejudice the public corporation (see id. at 466). “Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice” (id). Once this initial showing has been made, the respondent must respond “with a particularized evidentiary showing” that it will be substantially prejudiced if the late notice is allowed (id. at 467). This is so because the respondent “is in the best position to know and demonstrate whether it has been substantially prejudiced by the late notice” (id. at 467-468). Here, the petitioner met his initial burden by making a plausible argument that the City will not be substantially prejudiced. The petitioner contended that the City’s police officers participated in the acts giving rise to the petitioner’s false arrest and imprisonment claims; that the City’s employees participated in the criminal investigation and prosecution of the petitioner; and that records relating to the petitioner’s arrest, detention, and prosecution are maintained in the City’s files. Indeed, this Court has recognized that leave to serve a late notice of claim asserting false arrest and false imprisonment causes of action may be granted where, inter alia, “[members] of the New York City Police Department participated in the acts giving rise to the petitioner’s false arrest and imprisonment claims” (McKenna v City of New York, 154 AD2d 655, 656 [1989]; see Erickson v City of Poughkeepsie Police Dept., 66 AD3d 820, 821 [2009]; Matter of Ragland v New York City Hous. Auth., 201 AD2d 7 [1994]; Montalto v Town of Harrison, 151 AD2d 652, 653 [1989]). Moreover, “[s]ince the reason for the early filing of a notice of claim is to permit the public corporation to conduct a prompt investigation into the facts and circumstances giving rise to the claim, the existence of reports in its own files concerning those facts and circumstances is the functional equivalent of an investigation” (Matter of Ragland v New York City Hous. Auth., 201 AD2d at 11; see Tatum v City of New York, 161 AD2d 580, 581 [1990]; see also Nunez v City of New York, 307 AD2d 218 [2003]; Matter of Santana v City of New York, 183 AD2d 665, 666 [1992]). In response to the petitioner’s initial showing, the City failed to make a “particularized evidentiary showing that [it] will be substantially prejudiced if the late notice is allowed” (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). Considering all of the facts and circumstances as required under the statute, including the lack of substantial prejudice to the City, that the petitioner’s notice of claim with respect to the claim sounding in malicious prosecution was timely filed, that the City’s own police officers participated in the acts giving rise to the petitioner’s false arrest and imprisonment claims, and that there are records within the possession and control of the City generated to memorialize the facts and circumstances of the petitioner’s arrest and prosecution, the Supreme Court should have granted the petition (see McKenna v City of New York, 154 AD2d at 656). Accordingly, I vote to reverse the order, and grant the petition.