O'Dell v County of Livingston (2019 NY Slip Op 05444)





O'Dell v County of Livingston


2019 NY Slip Op 05444


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


148 CA 18-01642

[*1]MATTHEW O'DELL, PLAINTIFF-RESPONDENT,
v
COUNTY OF LIVINGSTON, LIVINGSTON COUNTY DISTRICT ATTORNEY'S OFFICE, VILLAGE OF MOUNT MORRIS POLICE DEPARTMENT, DEFENDANTS, AND VILLAGE OF MOUNT MORRIS, DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, ROCHESTER (NICHOLAS J. PONTZER OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered December 14, 2017. The order, insofar as appealed from, denied that part of the motion of defendants Village of Mount Morris and Village of Mount Morris Police Department seeking summary judgment dismissing the complaint against defendant Village of Mount Morris. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint against defendant Village of Mount Morris is dismissed.
Memorandum: Plaintiff commenced this action against the Village of Mount Morris (Village) and the Village of Mount Morris Police Department (Village Police Department) (collectively, Village defendants), and the County of Livingston and the Livingston County District Attorney's Office (collectively, County defendants) asserting, inter alia, causes of action for false arrest and malicious prosecution. In a notice of claim, plaintiff alleged that he had been intentionally harassed and arrested by members of the Village Police Department without justifiable cause or authority, and that the Livingston County District Attorney's Office, knowing that charges against plaintiff could not and should not be sustained, thereafter commenced a prosecution that was dismissed in June 2016 after a trial. The Village appeals from an order that, inter alia, denied that part of the Village defendants' motion for summary judgment seeking dismissal of the complaint against the Village. We reverse the order insofar as appealed from.
We agree with the Village that plaintiff's cause of action against it for false arrest is barred by his failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (1) (a). "The 90-day period . . . for serving a notice of claim on a municipality in an action for false arrest commences the day that the claimant is released from custody" (Hines v City of Buffalo, 79 AD2d 218, 225 [4th Dept 1981]; see Santiago v City of Rochester, 19 AD3d 1061, 1061-1062 [4th Dept 2005], lv denied 5 NY3d 710 [2005]). Here, plaintiff was arrested on September 7, 2015 and was released from confinement that same date. Thus, the cause of action for false arrest accrued on September 7, 2015, and the 90-day period within which to file a notice of claim expired on December 7, 2015 (see
§ 50-e [1] [a]; Molyneaux v County of Nassau, 22 AD2d 954, 955 [2d Dept 1964], affd 16 NY2d 663 [1965]; Boose v City of Rochester, 71 AD2d 59, 65 [4th Dept 1979]). Plaintiff's notice of claim was served upon the Village in August 2016, and was therefore beyond the expiration of the 90-day period prescribed by statute with respect to the claim for false arrest.
Although the notice of claim was timely with respect to a claim for malicious prosecution, which arises upon the favorable termination of a criminal proceeding (see Boose, 71 AD2d at 65; see generally Matter of Blanco v City of New York, 78 AD3d 1048, 1048 [2d Dept 2010]), the notice of claim expressly states that the malicious prosecution claim was asserted against the County defendants only, and not against the Village. Inasmuch as the Village did not [*2]prosecute plaintiff, the Village cannot be sued for malicious prosecution (see Roche v Village of Tarrytown, 309 AD2d 842, 843 [2d Dept 2003]), and therefore the accrual of the malicious prosecution cause of action against the County defendants cannot be invoked to revive plaintiff's time-barred false arrest cause of action against the Village (see id.).
We also agree with the Village that it established its entitlement to summary judgment dismissing the other causes of action asserted against it in the complaint, including malicious prosecution, excessive force, assault and battery, and negligent training and supervision, on the ground that they were not set forth in the notice of claim. Although a notice of claim "need not state a precise cause of action" (Gonzalez v Povoski, 149 AD3d 1472, 1474 [4th Dept 2017] [internal quotation marks omitted]), a complaint may not assert a new theory of liability that was not raised in the notice of claim (see Crew v Town of Beekman, 105 AD3d 799, 800-801 [2d Dept 2013]; Moore v County of Rockland, 192 AD2d 1021, 1023 [3d Dept 1993]). Here, in his notice of claim plaintiff set forth a claim against the Village for false arrest, but plaintiff failed to assert a claim for malicious prosecution against the Village and failed to assert any of the additional theories of liability that were raised in the complaint. Furthermore, a late notice of claim asserting those theories of liability would now be time-barred (see Miller v Howard, 134 AD3d 1537, 1538 [4th Dept 2015]; Clare-Hollo v Finger Lakes Ambulance EMS, Inc., 99 AD3d 1199, 1201 [4th Dept 2012]; see generally Mojica v New York City Tr. Auth., 117 AD2d 722, 722 [2d Dept 1986]). We note that plaintiff's seventh cause of action against the Village, for punitive damages, must also be dismissed inasmuch as a demand for punitive damages is not a substantive cause of action (see Preston v Northside Collision-DeWitt, LLC, 158 AD3d 1127, 1128-1129 [4th Dept 2018]).
Moreover, even assuming, arguendo, that plaintiff had served a timely notice of claim setting forth those additional theories of liability, we conclude that plaintiff's causes of action against the Village for excessive force, assault and battery, and negligent training and supervision are nevertheless time-barred by the statute of limitations (see Broyles v Town of Evans, 147 AD3d 1496, 1497 [4th Dept 2017]). General Municipal Law § 50-i (1) (c) provides, in pertinent part, that no action for personal injury sustained by reason of negligence or wrongful act shall be prosecuted or maintained against a municipality unless it is commenced within one year and 90 days after the happening of the event upon which the claim is based. With the exception of malicious prosecution, all of plaintiff's causes of action arose on the date of his arrest, September 7, 2015, and the statute of limitations began to run on that date. The complaint, however, was not filed until August 8, 2017, which was beyond the expiration of the statute of limitations on December 7, 2016.
In light of our determination, we do not address the Village's remaining contention.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court