Matter of Torres v County of Westchester (2019 NY Slip Op 07077)





Matter of Torres v County of Westchester


2019 NY Slip Op 07077


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10401
 (Index No. 54496/18)

[*1]In the Matter of Luis Torres, appellant, 
v
County of Westchester, et al., respondents.


Bernstein Clarke & Moskovitz, PLLC, New York, NY (Joshua S. Moskovitz and Colin Reeves of counsel), for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste and David H. Chen of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated August 6, 2018. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner was arrested on July 2, 2017, and subsequently charged with disorderly conduct. On March 22, 2018, the charge against the petitioner was dismissed. On March 27, 2018, the petitioner commenced this proceeding against the respondents, County of Westchester, County of Westchester Department of Public Safety, County of Westchester Police Department, and Seasonal Park Ranger Christopher Mathsen (hereinafter collectively the County), pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim alleging, inter alia, assault, battery, false arrest, false imprisonment, negligence, and prima facie tort. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. The petitioner failed to provide a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; Matter of Bush v City of New York, 76 AD3d 628, 629). Moreover, the evidence submitted by the petitioner failed to establish that the County had actual knowledge of the essential facts constituting his claims within 90 days following their accrual or a reasonable time thereafter (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Matter of Weaver v City of New York, 138 AD3d 873, 874). Contrary to the petitioner's assertions, actual knowledge could not be readily inferred from the supporting deposition of a Seasonal Park Ranger (hereinafter SPR) employed by the County that "a potentially actionable wrong had been committed by the [County]" against the petitioner (Matter of Taylor v County of Suffolk, 90 AD3d 769, 770; see Matter of Nicholson v City of New York, 166 AD3d 979, 980; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Matter of Weaver v City of New York, 138 AD3d at 874). Moreover, the involvement of a County SPR in arresting the petitioner and the County of Westchester [*2]Department of Public Safety in allegedly investigating the incident did not, without more, establish that the County acquired actual knowledge of the essential facts constituting the petitioner's claims of, inter alia, assault, battery, false arrest, false imprisonment, negligence, and prima facie tort within 90 days following their accrual or a reasonable time thereafter (see Matter of Ruiz v City of New York, 154 AD3d 945, 946; Matter of Fethallah v New York City Police Dept., 150 AD3d at 1000; Matter of Blanco v City of New York, 78 AD3d 1048). In addition, the mere alleged existence of other County records and photographs, without evidence of their content, without more, was insufficient to impute actual knowledge to the County (see Matter of Fethallah v New York City Police Dept., 150 AD3d at 1000). Finally, the petitioner failed to show that the delay in serving a notice of claim would not substantially prejudice the County in maintaining its defense on the merits with respect to those claims (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Mohamed v New York City, 139 AD3d 858, 859; Matter of Maggio v City of New York, 137 AD3d 1282, 1283).
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court